**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| United States of America | * | |
| v. | * | Criminal No. 05-0358 M |
| Jerry Kiley | * | |

<u>Motion & Memorandum in Support of Motion to Dismiss Case Due To Charges Unconstitutionality and the Freedom of Speech Protections Afforded Defendant</u>

Counsel for defendant Kiley respectfully moves to dismiss all charges in this case on the grounds that the Information, counts One and Two, is unconstitutional as relates to the defendant here as well as pursuant to his freedom of speech protections afforded the accused. The facts and laws follow:

I.  <u>The Facts</u>

The defendant, Jerry Kiley, is a Vietnam Veteran; he served with distinction, was in combat, was honorably discharged. Since that time he has been actively involved with various Vietnam Veterans, organizations and groups, attended the various memorial services, functions, protests that occurred over the years from 1974 till the present.

On June 21, 2005, defendant Gerard W. Kiley was arrested and charged with the willful intimidation, threat and harassment of Phan Van Khai, Prime Minister of the Socialist Republic of Vietnam, a foreign official and official guest of the United States. On July 8, 2005, two counts Information was filed under 18 USCS §112(b) against, Mr. Kiley. He was arraigned before the Honorable Deborah Robinson. Trial is set to commence October 18, 2005.

The simple issue here is whether the defendant had a right to express himself as he did publicly to a foreign government official who was in the United States as an official guest of the United States Government at the time the words and acts occurred.

We concede that on June 21, 2005, Phan Khai was the Prime Minister of the Socialist Republic of Vietnam and that he was on official guest of the United States Government during most of his time in the United States on that day, June 21, 2005. Also, the defendant did enter the banquet room at which the Prime Minister, United States Senators John McCain, John Kerry and other dignitaries were in attendance. Furthermore, the defendant did not have a ticket for admission as an attendee and appears to have "crashed the party". Just as United States Senator John McCain had introduced the Prime Minister Khai and as Mr. Khai was mounting the podium Mr. Kiley allegedly approached the area and threw a clear liquid from his hand held glass in the direction of Mr. Khai. Mr. Kiley "shouted" words to the effect, "You are sham…you kill your own people." (See Addendum "A", Hughes Affidavit In Support of Criminal Complaint.)

At all times Mr. Kiley was properly attired, subdued, and non-threatening as he made his way toward the center podium. Mr. Kiley had carried a glass of wine in his hand, and then did stop in the front of the head table, at which Prime Minister Khai, Senators McCain, and John Kerry sat. Mr. Kiley did toss the contents of the glass of wine in the direction of the main table but did so in a way, and from such a distance, that no reasonable person could interpret said toss as a form of threat, harassment, assault or obstruction.

Mr. Kiley never uttered a word that could reasonably be construed as a threat, nor did he appear to even be noticed by Mr. Phan Khai, hence, as a matter of law there could be no harassment or interference with the Prime Minister's duties.

As an introductory point of fact we acknowledge that 18 U.S.C. §112 was designed to provide foreign officials with a prospective shield against harm by imposing severe criminal penalties upon any who interfere with such an official in the performance of their functions and duties. People v. Leo, 95 Misc. 2d 408, 407 NY 2d 941 (1978). Furthermore, terms such as "assaults" and "offers violence" as used in 18 U.S.C. §112 are unconstitutionally vague and overbroad. United States v. Marcano-Garcia, 622 F.2d 12 (1980). Nor does 18 U.S.C. §112 require proof of injury or intend to injure. United States v. Gan, 636 F.2d 28 (1980), cert. denied 451 U.S. 1020 (1981).

Following remarks directed at Mr. Khai the defendant shouted to Senator Mc-Cain, "You are a traitor." Kiley was removed from the room by security and the Secret Service, but not placed under arrest, was asked to leave the premises and did. As he exited the hotel to the sidewalk the Secret Service approached and informed him that they were charging him with the instant offense due entirely to Kiley having tossed the wine in the direction of where the Prime Minister was standing.

Hence, the issue is whether Mr. Kiley can be forced to trial based on these facts as having … "(b) willfully (1) intimidated, coerced, threatened, or harassed a foreign official guest or obstructed a foreign official in the performance of his duties. 18 U.S.C. § 112(b). We think not.

Upon information on belief the defense submits that at no time did anyone  ever interview the Prime Minister and determine if he even saw the wine or Mr. Kiley or even

3

heard or understood a word that Mr. Kiley said. Nor is there any evidence that he or any of the dignitaries, who could possibly argue that they have proper standing as a victim or a witness, interpret any of the words or actions of Mr. Kiley as intimidating coercive, threatening or as a form of harassment directed at Mr. Phan Khai. Nor is there any evidence that Mr. Kiley "obstructed" said foreign official in the performance of his duties. Simply put, as a matter of facts and law the government knows it can only prove that Mr. Kiley tossed the wine in the direction of the Prime Minister's table and made remarks about the "Sham" that he, Kiley, believed Mr. Khai is. Simply put, Mr. Kiley exercised properly this First Amendment Right to Freedom of Speech and Assembly. Said proffer being so the charging document here is flawed and should be dismissed as an unconstitutional infringement on Kiley`s First Amendments Rights.

We further note that in order to present a valid case against Mr. Kiley the prosecution must bring admissible evidence that Mr. Khai saw, heard Mr. Kiley and that in some way was threatened or obstructed in the performance of his duties.

This case differs from that of <u>United States of America v. Gan and Yip,</u> 636 F.2d 28 (2nd Cir.1980) where the two defendants intentionally threw red paint at two ambassadors at a U.N. Security Council meeting on April 30, 1980. This prosecution occurred under §112(a). There the court ruled that an intent to injure is not an element of proof under §112(a), that such conduct of throwing paint on the ambassador amounted to an assault, striking an offer of violence within the meaning of §112(a). As in the case of <u>Concerning Jewish Youth v. Mc Guire</u>, 409 F.Supp 1296 (S.D.N.Y. 1979), the court must balance all interests, the purported threatening acts/words versus the right to express oneself as afforded by the First Amendment of the United States Constitution. In doing

this balancing act the court turns to the time, place and manner during which the picket, demonstration or acts/words were expressed. In <u>Concerned Jewish Youth</u>, <u>supra</u>, the court cited <u>Grayned v. City of Rockford</u>, 408 U.S. 104 (1972) which held that streets and sidewalks cannot be put off limits to… first amendment activities merely to spare [the] public expense of inconvenience… that the <u>right</u> to use a public place for expressive activity may be restricted<u> ONLY</u> for weighty reasons." <u>Grayned, supra</u> at 115. Hence, time, place and manner became the standard by which First Amendment actions/words as a form of public demonstrations are to be judged. The court must consider whether the facts in the case before it were "materially disruptive" enough to constitute criminal behavior. The counts have made clear that §112 in no way shall be continued or applied "so as to abridge the exercise of rights guaranteed under the First Amendment to the Constitution of the United States." <u>Concerned Jewish Youth</u>, <u>supra</u> at 1296.

      Counsel further notes that in every way Mr. Kiley`s words and actions were peaceful, non-violent. The courts have repeatedly held that demonstrators are permitted under §112 to conduct peaceful demonstrations, even near foreign mission. Id. at 1296. Mr. Kiley`s method of entering the banquet hall in the hotel on June 21, 2005, his calm and unthreatening approach of the table where Mr. Phan Khai and others sat, his tossing of the wine contents from his glass which struck the floor, not the table, not the person, his words directed at Vietnam and then Senator McCain were of such a nature as to not impede, threaten, interfere with any part of Mr. Phan Khai`s evening at the banquet hall. Hence the intent of §112(b) was not compromised. The information should be dismissed

due to its infringement of Mr. Kiley`s First Amendment Rights and its inapplicability to the facts and circumstances of this case. [1]

The government may reply to this motion by asserting that the defendant`s words and actions (tossing of wine in the direction of Mr. Khai) constitute an assault and/or did harass and/or obstruct the Prime Minister`s duties simply by the very nature and content of the actions and words. They will argue that the words and actions constituted "fighting words" in and of themselves, therefore, First Amendment Rights were not abridged. We disagree.

In <u>Chaplinsky v. New Hampshire</u>, 315 U.S. 568 (1942), the court made clear that the right of free speech is not absolute at all times and under "all circumstances". The court discussed what kind of words constitutes "fighting words", such as certain obscene remarks, words that incite the breach of peace. On the other hand words that deal with social order, interest, morality, and preservation of peace are protected freedom of speech of words. See also <u>Bose Corp v. Consumers Union of United States,Inc.</u> 466 U.S. 485, 504 (1984).

Mr.Kiley`s words could not be construed as offensive or derisive. He called Mr. Khai "a sham" based on his reasonable belief that the current government in Vietnam is abusive, to the point of killing Vietnamese people. Mr. Kiley`s words and actions are those fundamental rights/liberties which are protected by the First Amendment. <u>Lovell v. Griffin</u>, 303 U.S. 464, 450. Fighting words are not the means of exchanging views, they

---

[1] Counsel asks that the government be required to inform the court in its reply to this motion whether it did or did not ever interview Mr. Phan Khai, does or does not intend to bring him as a witness, did or did not inform the grand jury or prosecutor who drafted and/or filed this information of the absence of such required proof. If such failures did occur, then the information should he dismissed and the defendant spared any further legal fees and costs.

are "words directed at individuals to provoke violence or to injury." Chaplinsky, supra at 572.

In conclusion, we note that the tossing of what was wine from his hand held glass by Mr. Kiley was nothing more that a gesture to get the attention of everyone so the remarks that followed "you are sham" would be noticed and heard. The toss of the wine was equivalent of having simply shouted "Listen Up…hear what I say", words protected under Freedom of Speech. Therefore, the secret service agent who arrested Mr. Kiley and who said to him that he would not have been arrested but for having tossed the wine incorrectly applied 18 U.S.C. §112(b) to the facts, words and actions of this case. That being so all charges must be dismissed for the reasons noted above.

WHEREFORE, it is respectfully requested that the court hear argument in this matter on the scheduled date and thereafter enter an Order dismissing the criminal charges.

Respectfully Submitted,

_____
Kenneth M. Robinson
Bar # 51706
The Robinson Law Firm
717 D Street, N.W Fourth Floor
Washington, Dc-20004
 Phone # (202)347-6100
 Fax # (202) 347-0081

<u>Certificate of Service</u>

I, Kenneth M. Robinson, certify service by facsimile this 8th day of August, 2005 on the following:

Bruce Hegyi, AUSA
555 4th Street, NW
Washington, DC-20530
By facsimile: (202)307-6059

_____
Kenneth M. Robinson
Bar # 51706
The Robinson Law Firm
717 D Street, N.W Fourth Floor
Washington, Dc-20004
Phone # (202)347-6100
Fax # (202) 347-0081