IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 05-0358M (DAR) |
| | : | |
| GERARD W. KILEY | : | |
| | : | |
| Defendant | : | |

## Reply To Government's Opposition To Motion To Dismiss

Counsel for defendant Kiley respectfully submits this reply to the Government's Opposition To Defense Motion To Dismiss.

First, counsel notes that the government is in error when it repeatedly argues that the "defendant's judicial admissions of fact" are tantamount to a guilty plea, an admission of all the material elements to the charges, 18 U.S.C. §112(b). The defense has not admitted that Mr. Kiley threw the wine at the Prime Minister, (the underlying basis for the assault element). Nor has the defense admitted that Mr. Kiley <u>undertook activity that</u> "intimidated, coerced, threatened or harassed" the Prime Minister. The evidence demonstrates at best that Kiley threw wine on Senator McCain, a former Vietnam prisoner of war who now is supportive of relations with the communist government in Vietnam. The 18 U.S.C. § 112(b) does not prohibit throwing wine in the direction, whether it does or does not strike, of a United States Senator whom the protestor wishes to openly declare as a "traitor". 18 U.S.C.S § 112(b) is applicable only as to a foreign government official here at the invitation of the United States Government. Nor do the words by Kiley, directed at Prime Minister Khai that "you are a sham, you kill your own

1

people" constitute a judicial admission that Kiley intended or acted in a way that "intimidated coerced, threatened or harassed" him in the performance of his duties.

At best, the government could perhaps pursue a case of unlawful entry or destruction of property (wine damaging a table cloth or carpet) but certainly not 18 U.S.C. §112(b).

At no time did Mr. Kiley's actions threaten Mr. Khai, put him in danger, coerce him into doing anything. Mr. Kiley got Senator Mc Cain's attention for sure, not Mr. Khai's. On information and belief it was McCain who angrily insisted that the Secret Service go and charge Mr. Kiley after he had been allowed to leave. McCain clearly acted out of his embarrassment at being called a "traitor" and having purportedly been struck by the wine. Perhaps Mc Cain felt "intimidated" though that too is <u>doubtful</u> but such was not the case with Mr. Khai.

As the Government states in its opposition, 18 U. S.C. § 112(b) is intended to strike a balance between the First Amendment rights of the protestor and the significant government interest as relate to an invited official guest. The key is what are the time, place and manner of the words, and actions and are they content-neutral. <u>CISPES v. FBI</u>, 770 F.2d 468 (5Th Cir 1985); See, e.g., <u>United States v. Grace</u>, 461 U.S. 171,177 (1983).

Words and actions are permissible under § 112(b) (1) and (2). There is no evidence that anything was thrown at or on to Mr. Khai, nor is there any evidence that any of Mr. Kiley's words or actions in any way constituted the words and/ or actions that §112 (b) is intended to prohibit.

In sum the government's argument at (p.9) of its opposition is erroneous. Mr. Kiley has NOT judicially admitted "intimidating, coercing, threatening and/ or harassing"

nor did he ever intend to do any such act or utter such words-and he did <u>NOT obstruct</u> a foreign official in the performance of his duties.

WHEREFORE, it is respectfully requested that the court dismiss the charges as drafted.

Respectfully Submitted,

_____
Kenneth M. Robinson, Bar # 51706
The Robinson Law Firm
717 D Street, NW
Fourth Floor
Washington, DC 20016
(202) 347-6100
(202) 347-0081 fax

<u>Certificate of Service</u>

I, Kenneth M. Robinson, certify service by fax this 19th day of August, 2005, to Bruce Hegyi, AUSA, Fax # (202) 307-6089.

_____
Kenneth M. Robinson, Bar # 51706
The Robinson Law Firm
717 D Street, NW
Fourth Floor
Washington, DC 20016
(202) 347-6100
