IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No.  05-0358M (DAR) |
| | : | |
| GERARD W. KILEY, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S MEMORANDUM OF LAW REGARDING ADMISSIBILITY AT TRIAL OF JUDICIAL ADMISSIONS CONTAINED IN DEFENDANT'S MOTION TO DISMISS

In compliance with the Court's direction at the October 6, 2005 status in the above-referenced and numbered case, the United States of America files this, its Memorandum of Law Regarding Admissibility at Trial of Judicial Admissions Contained in Defendant's Motion to Dismiss.

*Admissions in Defendant's Motion to Dismiss*

In his Motion to Dismiss,[1] defendant Gerard W. Kiley ("defendant Kiley") claims he has

---

[1]   In his Motion to Dismiss, defendant Kiley claims that the Government's two-count Information should be dismissed because 18 U.S.C. §§ 112(b)(1) & (2) are "unconstitutional as relates to the defendant here as well as pursuant to his freedom of speech protections afforded the accused." [Motion, page 1, preamble]  Apparently attempting to illuminate the basis for the remedy he seeks, defendant Kiley says variously: (1) "The simple issue here is whether the defendant had a right to express himself as he did publicly to a foreign official who was in the United States as an official guest of the United States Government at the time the words and acts occurred" [Motion, page 2, 1st unnumbered ¶]; (2) "[N]o reasonable person could interpret [defendant Kiley's actions] as a form of threat, harassment, assault or intimidation" [id., at 2, 3rd unnumbered ¶; *accord* id. at 3, 1st unnumbered ¶ ("Mr. Kiley never uttered a word that could reasonably be construed as a threat, nor did he appear to even be noticed by Mr. Phan Khai, hence, as a matter of law there could be no harassment or interference with the Prime Minister's duties")]; (3) "Simply put, Mr. Kiley exercised properly his First Amendment Right to Freedom of Speech and Assembly .... [therefore] the charging document here is flawed and should be dismissed as an unconstitutional infringement on Kiley's First Amendment Rights" [id., at 4, 1st unnumbered ¶]; and (4) "The information should be dismissed due to its infringement of Mr. Kiley's First Amendment Rights and its inapplicability to the facts and circumstances of this

"been actively involved with various Vietnam Veterans, organizations and groups, attended the various memorial services, functions, protests that occurred over the years from 1974 to the present." [Id., at 1, ¶ I]   Further, in his Motion, defendant Kiley affirmatively "concedes:"[2]

> [T]hat on June 21, 2005, Phan Khai was the Prime Minister of the Socialist Republic of Vietnam and that he was an official guest of the United States Government during most of his time in the United States on that day, June 21, 2005.  Also, the defendant did enter the banquet room at which the Prime Minister, United States Senators John McCain, John Kerry and other dignitaries were in attendance.  Furthermore, the defendant did not have a ticket for admission as an attendee and appears to have "crashed the party."  Just as United States Senator John McCain had introduced Prime Minister Khai and as Mr. Khai was mounting the podium Mr. Kiley allegedly approached the area and threw a clear liquid from his hand held glass in the direction of Mr. Khai.  Mr. Kiley "shouted" words to the effect, "You are [a] sham ... you kill your own people."
> * * * *
>
>         * * * * [A]s he [Mr. Kiley] made his way toward the center podium[,] Mr. Kiley had carried a glass of wine in his hand, and then did stop in front of the head table, at which Prime Minister Khai, Senators McCain and John Kerry sat.  Mr. Kiley did toss the contents of the glass of wine in the direction of the main table....
>
>                 *           *           *           *
>
>         Following [his] remarks directed at Mr. Khai the defendant shouted to Senator McCain, "You are a traitor."

[Motion to Dismiss, pages 2-3]

---

case." [Id., at 5-6]

   [2]  As is readily apparent, Defendant's Motion to Dismiss does not merely accept -- for the sake of argument in his Motion  – the Government's allegations.   Rather, defendant Kiley goes much further and gratuitously admits these various facts.

### *The Admissions in Defendant's Motion to Dismiss Are "Judicial Admissions" of Defendant Kiley*

Federal Rule of Evidence 801(d) provides, *inter alia*:

> **(d) Statements which are not hearsay.**  A statement is not hearsay if –
>
> \*          \*          \*
>
> **(2) Admission by a party-opponent.**  The statement is offered against a party and is * * * * (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, ....

[Id.]  An attorney may be the agent of his client for purposes of Rule 801(d)(2)(D).  *See* United States v. McClellan, 868 F.2d 210, 215 n.9 (7th Cir. 1989); *see also* United States v. Margiotta, 662 F.2d 131 (2d Cir. 1981).  Despite concerns about admitting an attorney's out-of-court statements against his criminal client, there are no special procedures required for the admission of such evidence.  *See* United States v. Arrington, 867 F.2d 122, 128 (2d Cir. 1989).  Admission is within the broad discretion of the trial court and reversal will not lie absent a clear abuse of discretion.  *See* United States v. Valencia, 826 F.2d 169, 172-73 (2d Cir. 1987) (admission of attorney's out-of-court statement not an abuse of discretion); United States v. McNeese, 901 F.2d 585 (7th Cir. 1990).

In Fowler v. United States, 239 F.2d 93 (10th Cir. 1956), two defendants (Harvey Fowler and Haskell Scott) were arrested for various violations of the Internal Revenue laws related to intoxicating liquor.  Prior to arraignment, their attorney's filed motions to suppress evidence on the ground that the evidence was illegally seized.  Id. at 94.  In these motions, the defendant's attorney's claimed that the seized property belonged to the defendants.  Id.  At the hearing for the suppression motions, defendant Scott testified that the seized property belonged to him.  Id.

However, defendant Fowler testified at the same hearing that he had no ownership in the seized property and the attorney's statements to the contrary in the motion were not true. Id. The trial court denied both defendants' motions. At the trial of the cause, the Court admitted in evidence the admissions in the motions to suppress, and instructed the jury that the motion was signed by the attorneys for both defendants and that "the defendants are bound by their statements." Id. Both defendants were convicted. On appeal, the Tenth Circuit held:

> As to [defendant] Scott, the admission of the motion was not prejudicial because he not only relied upon the allegations [in the motion], but acquiesced in and approved them by testifying under oath in support of the motion that he owned the property. The motion was therefore admissible as to Scott. [Defendant] Fowler, however, in his [motions] testimony, repudiated the allegations made by the attorneys and said they were not true. *In any event, the motion was only admissible against interest to be considered along with other evidence in the case, and the instruction should have been to that effect*.

Id. at 95-96 (emphasis provided.) The Tenth Circuit affirmed the admission of the evidence against defendant Scott. However, the Court reversed the conviction as to defendant Folwer, because, as indicated above, the trial Court improperly instructed the jury as to defendant Fowler that (despite his sworn repudiation of the factual allegations in the motion) the admissions in the motion were, in essence, binding on defendant Fowler. Id.

As a result, in the instant case, the admissions in defendant Kiley's Motion are admissible against him at trial, together with whatever other evidence may be adduced at trial. Moreover, the Government notes that, to date, defendant Kiley has not repudiated (under oath or otherwise) the judicial admissions in his Motion.

In United States v. Bentson, 947 F.2d 1353 (9th Cir. 1991), defendant Stephen W. Bentson, having filed with the IRS a so-called protest tax return for tax year 1982, was charged

with three counts of willful failure to file tax returns for each of the years 1982 through 1984. <u>Id.</u> 1354. The matter proceeded to trial as a bench trial. At the close of the Government's evidence, defendant Bentson moved for judgment of acquittal. The Court granted defendant's motion as to the first count, but denied it as to the remaining two counts, as to which the Court eventually convicted defendant Bentson. <u>Id.</u> at 1355. On appeal, among other things, Bentson argued for reversal of his convictions because of a failure of the Government's proof. <u>Id.</u> at 1356. The Ninth Circuit rejected Bentson's argument because:

> [W]e find that Bentson made a binding judicial admission to the contrary.
>
> > In his closing argument before the District Court, Bentson's counsel said: The defense is not suggesting that returns were filed for 1983 and '84, which the Internal Revenue Service would consider to be valid documents. The defendant submits rather that the government's evidence fails to show that protest documents were not filed for 1983 and 1984.
> >
> > Our review of Bentson's [attorney's] closing argument convinces us that the language quoted above was a straightforward judicial admission, not merely a concession for the sake of argument. It was a binding concession that Bentson did not file valid returns for years 1983 and 1984. *See* <u>United States v. Wilmer</u>, 799 F.2d 495, 502 (9th Cir. 1986), *cert. denied*, 481 U.S. 1004 (1987) (attorney's statement during oral argument constitutes judicial admission).

<u>Id.</u> at 1356; *and see* <u>Magallanes-Damian v. INS</u>, 783 F.2d 931, 934 (9th Cir. 1986) (deportation case; absent egregious circumstances, parties are generally bound by admission of attorney); 9 Wigmore, J. H., <u>Evidence</u> §§ 2588, 2594 (1981 ed.)

Hence, in the case at bar, the judicial admissions of defendant Kiley in his Motion to Dismiss are admissible against him at the trial of this case.

CONCLUSION

WHEREFORE, for each of the independent reasons set forth above, the Government submits that the admissions of defendant Kiley contained in his Motion to Dismiss are admissble in evidence against him at the trial of this case.

    Respectfully submitted,

    KENNETH L. WEINSTEIN
    United States Attorney
    D.C. Bar No. 451058


By:    _____
    BRUCE R. HEGYI
    Assistant United States Attorney
    D.C. Bar No. 422741
    Transnational/Major Crimes Section
    555 4th Street, N.W., 11-860
    Washington, D.C.  20530
    (202) 305-9637
    (202) 307-6059 (fax)
    www.bruce.hegyi@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing GOVERNMENT'S MEMORANDUM OF LAW REGARDING ADMISSIBILITY AT TRIAL OF JUDICIAL ADMISSIONS CONTAINED IN DEFENDANT'S MOTION TO DISMISS was served this 11th day of October, 2005 by fax and by First Class Mail, postage pre-paid, on defendant's counsel of record:

        KENNETH M. ROBINSON, ESQUIRE
        717 D STREET, N.W.
        FOURTH FLOOR
        WASHINGTON, D.C.  20004
        (202) 347-0081 (fax)

        _____
        Bruce R. Hegyi