UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 05-0358M (DAR) |
| ) | |
| GERARD W. KILEY, ) | Trial Date: October 18, 2005 |
| ) | |
| *Defendant*, ) | |
| ) | |
| UNITED STATES SENATOR JOHN MCCAIN, ) | |
| ) | |
| *Subpoena Respondent*. ) | |

**MEMORANDUM IN SUPPORT OF MOTION OF SUBPOENA RESPONDENT
UNITED STATES SENATOR JOHN MCCAIN TO QUASH**

**INTRODUCTION**

On Wednesday, October 12, 2005, the defendant caused a trial subpoena to be served directing United States Senator John McCain to appear in this Court on Tuesday, October 18, 2005, to testify in this case. A copy of the subpoena is attached as an exhibit to this memorandum. This subpoena is unreasonable and oppressive and should be quashed pursuant to Fed. R. Crim. P. 17 for two reasons: (1) no exceptional circumstances justify compelling Senator McCain, a high-ranking government official, to testify in this action; and (2) it is unduly burdensome to require Senator McCain to absent himself from legislative proceedings of the United States Senate in order to testify in this case.

## BACKGROUND

The defendant in this action has been charged with harassing the Prime Minister of Vietnam by throwing a glass of wine at a banquet at the Mayflower Hotel attended by the Prime Minister while on an official visit to the United States in June 2005. Despite the fact that the charged conduct was witnessed by approximately 600 other individuals in attendance, and the incident was captured on videotape, the defendant has issued a subpoena demanding testimony from Senator McCain on a day in which the Senate is in session. Based on a conversation with defense counsel, defendant seeks the testimony of Senator McCain because he was a witness to the charged events.

**I.      The Subpoena Should Be Quashed Because It Seeks to Compel Testimony From a High Governmental Official Without Any Exceptional Circumstances**

It is well-established that "high-ranking officials should not ordinarily be compelled to testify unless it has been established that the testimony to be elicited is necessary and relevant and unavailable from a lesser ranking officer." *Halderman v. Pennhurst State School & Hospital*, 559 F. Supp. 153, 157 (E.D. Pa. 1982). As this Circuit has observed, a trial court's "refusal to allow [a party] to call as witnesses top [government] officials fits within the rule enunciated by the Supreme Court in *United States v. Morgan*, [313 U.S. 409, 422 (1941),] that top executive department officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions." *Simplex Time Recorder Co. v. Secretary of Labor*, 766 F.2d

575, 586 (D.C. Cir. 1985); *see also In re United States (Kessler)*, 985 F.2d 510, 512 (11th Cir. 1993) (per curiam) (criminal defendants were not entitled to 30 minute telephone deposition of FDA Commissioner concerning their selective prosecution defense).

The reason for the exceptional circumstances doctrine is simple and "obvious[: h]igh ranking government officials have greater duties and time constraints than other witnesses." *Id.*; *see also Warzon v. Drew*, 155 F.R.D. 183, 185 (E.D. Wis. 1994) ("The immunity is warranted because such officials must be allowed the freedom to perform their tasks" without interference). Because of the significant demands placed on high-ranking government officials, "the Supreme Court has indicated that the practice of calling [them] as witnesses should be discouraged." *In re United States (Kessler)*, 985 F.2d at 512 (*citing United States v. Morgan*, 313 U.S. 409).

Members of the United States Senate are "high ranking governmental officials." *See, e.g.*, *Springfield Terminal Railway Co. v. United Transportation Union*, 1989 WL 225031 at *2 (D.D.C. 1989) (refusing to compel Congressman to submit to deposition or produce documents because discovery would "disrupt [his] work as the ranking Minority Member of the House Appropriations Committee"); *Bardoff v. United States*, 628 A.2d 86, 90 (D.C. 1993) (affirming trial court order quashing subpoenas to Senators for lack of exceptional circumstances). Nor do any exceptional circumstances warrant compelling Senator McCain to testify in this action. Where, as here, the evidence sought can be adduced from other sources*,* it is well-established that exceptional

3

circumstances are not present. *See In re United States*, 197 F.3d 310, 313-14 (8th Cir. 1999) ("If other persons can provide the information sought, discovery will not be permitted against such [a high government] official.") (citing *In re United States (Kessler)*, 985 F.2d at 513)); *see also In re FDIC*, 58 F.3d 1055, 1062 (5th Cir. 1995) ("We think it will be the rarest of cases . . . in which exceptional circumstances can be shown where the testimony is available from an alternate witness.").

In this case, the eyewitness testimony that defendant seeks to compel from Senator McCain can be obtained from approximately 600 other witnesses who attended the banquet at issue, including numerous attendees seated at the head table or near the front of the banquet room. Counsel for the defendant has proffered no reason why any such individuals could not provide the testimony the defendant seeks, in lieu of Senator McCain. Further, in addition to those other witnesses, direct evidence of the charged offense was captured on videotape, which we understand has been made available to the defendant and will be offered into evidence. Such readily available other evidence makes this case indistinguishable from the many other cases in which the availability of other evidence precludes a showing of exceptional circumstances. *See In re United States*, 197 F.3d at 313-14 (death penalty action); *In re FDIC*, 58 F.3d at 1062 (condemnation action); *Simplex*, 766 F.2d at 586-87 (violation of OSHA action); *Bardoff*, 628 A.2d at 90 (disruption of Congress); *Low v. Whitman*, 207 F.R.D. 9, 13 (D.D.C. 2002) (stating, in employment discrimination action, that it is "hard to fathom why [the subpoenaed EPA

official] is the only individual with access to information" plaintiff sought in finding no "exceptional circumstances" present).[1]

By way of example, in similar factual circumstances, the District of Columbia Court of Appeals found no exceptional circumstances that could permit the defendant to subpoena the chairman or other members of a Senate committee to testify at a criminal trial concerning what the committee members witnessed when the defendant disrupted a Senate committee hearing. *Bardoff*, 628 A.2d at 90. The Court of Appeals found that the defendants "were unable to demonstrate satisfactorily how the subpoenaed testimony would be more than cumulative of other evidence, or why others in the hearing room that day, who did not hold such high office as those subpoenaed, could not testify to the same events." *Id.* at 93.

---

[1] Should defendant seek at trial to inquire of Senator McCain into his views about United States policy regarding relations with Vietnam or the Vietnam Prime Minister, such inquiry would be absolutely barred by the Speech or Debate Clause, U.S. Const. art. I, § 6, cl. 1, which states that "for any Speech or Debate in either House, [Senators and Representatives] shall not be questioned in any other Place." The Clause erects an absolute constitutional privilege against questioning Senators about "the deliberative and communicative processes by which Members participate in committee and House proceedings with respect to the consideration and passage or rejection of proposed legislation or with respect to other matters which the Constitution places within the jurisdiction of either House," *Gravel v. United States,* 408 U.S. 606, 625 (1972), including United States foreign and trade policy.

Accordingly, because the evidence defendant seeks is readily obtainable from any number of other sources, no exceptional circumstances justify compelling Senator McCain, a high-ranking government official, to testify in this action.

## II.   The Subpoena Is Unduly Burdensome Because It Intrudes Impermissibly Upon the Senator's Official Duties.

The subpoena ordering Senator McCain to testify should be quashed for the additional reason that it intrudes impermissibly upon his official duties. Rule VI.2 of the Senate's Standing Rules, which were adopted pursuant to the Senate's constitutional power to "determine the Rules of its Proceedings," U.S. Const. art. I, § 5, cl. 2, provides: "No Senator shall absent himself from the service of the Senate without leave." Senate Rule VI.2, *reprinted in Senate Manual*, S. Doc. No. 1, 107th Cong., 1st Sess. 5 (2002). The Senate is scheduled to be in session on October 18 and 19, 2005, the days scheduled for this trial. When the Senate convenes on Monday, October 17, it "will begin consideration of the Transportation-Treasury appropriations bill." 151 Cong. Rec. S11336 (daily ed. Oct. 7, 2005) (Sen. Stevens). Roll call votes on this and other appropriations legislation are anticipated throughout the week, including on both trial days. Senator McCain has not been granted leave by the Senate to absent him from these legislative proceedings and votes.

The Senate's Standing Rule requiring its Members to attend its legislative proceedings reflects the overriding role that participation in the legislative process by all legislators plays in preserving the fundamental values underlying representative gov-

6

ernment. The critical importance of ensuring the ability of all elected representatives to attend legislative sessions free from encumbrance or interference is manifest in the express text of the Arrest Clause of the Constitution, which states that Senators and Representatives "shall in all Cases, except Treason, Felony and Breach of the Peace, be privileged from Arrest during their Attendance at the Session of their respective Houses, and in going to and returning from the same." U.S. Const. art. I, § 6, cl. 1.

The Framers of the Constitution sought in the Arrest Clause to prevent Members of Congress from being compelled to absent themselves from the Houses for two reasons. First, the Framers feared that the compelled absence of Senators or Representatives would deprive their states or districts of representation in the national government. As Vice President and President of the Senate, Thomas Jefferson expressed this original understanding of the Arrest Clause:

> When a Representative is withdrawn from his seat by summons, the 40,000 people whom he represents lose their voice in debate and vote, as they do on his voluntary absence; when a Senator is withdrawn by summons, his State loses half its voice in debate and vote, as it does on his voluntary absence. The enormous disparity of [this] evil admits no comparison.

*Constitution, Jefferson's Manual, and Rules of the House of Representatives of the United States*, H.R. Doc. No. 320, 106th Cong., 2d Sess. § 288, at 127 (2001).

Second, the Framers were concerned that the House and Senate be able to summon its Members when their presence is required for the conduct of legislative business. Accordingly, while the Framers provided in the Quorum Clause that "a

Majority of each [House] shall constitute a Quorum to do Business," they ensured through the Attendance Clause that "a smaller Number . . . may be authorized to compel the Attendance of absent Members, in such Manner, and under such Penalties as each House may provide." U.S. Const. art. I, § 5, cl. 1. In the Senate, the power to compel the attendance of Members is implemented through Rule VI.4, which provides that "a majority of the Senators present may direct the Sergeant at Arms to request, and, when necessary, to compel, the attendance of the absent Senators." S. Doc. No. 107-1, at 5.

In order to safeguard these important constitutional and democratic values, a delicate balance has developed under the Constitution to guide the timing of enforcement of legal process issued to Members of Congress. On the one hand, Members have no absolute immunity from all civil suits or criminal indictments, *see Long v. Ansell*, 293 U.S. 76 (1934) (civil suit); *Williamson v. United States*, 207 U.S. 425 (1908) (criminal prosecution), nor, indeed, from giving nonprivileged testimony, when necessary to the administration of justice, at appropriate times. *See Gravel*, 408 U.S. at 628-29. On the other hand, the Houses of Congress have adopted rules governing when Members may absent themselves, and, in particular instances, have authorized Members to respond to subpoenas only when their House is not in session. *See, e.g.*, S. Res. 308, 93d Cong., 2d Sess., *reprinted in* 120 Cong. Rec. 10509 (1974) (granting Senator "leave to appear as a witness before the District Court of the United States in the Case of the United States v. Leo Winters, et al *at a time when the Senate is not sitting in Session*") (emphasis added).

The soundness of this balance, which confers no permanent immunity on Members and provides the courts with their testimony when necessary, is evidenced by the fact that we are aware of no case in which a state or federal court has compelled a Senator to absent himself or herself from legislative proceedings without leave from the Senate to do so.

Accordingly, because Senator McCain's attendance at Senate proceedings will render him unavailable to testify in this case, the subpoena is unduly burdensome and should be quashed.[2]

---

[2] Finally, the unreasonableness of defendant's demand is compounded by the service of the subpoena, *dated September 8, 2005*, on a United States Senator with four business days' notice. Despite the passage of almost four months since the criminal complaint in this case was issued, defendant's counsel never contacted Senator McCain to inquire about his availability to testify at this trial. Rather, the first that Senator McCain or his counsel learned of the defendant's plans for him to testify at this trial was when a process server, on the afternoon of October 11, 2005, contacted Senator McCain's office concerning service of a subpoena. To the extent, therefore, that quashing the subpoena may impose any incidental burden on the defendant, that burden is the result of the defendant's own actions in this proceeding.

## CONCLUSION

For these reasons, the trial subpoena to Senator McCain should be quashed.

Respectfully submitted,

*Patricia Mack Bryan*

Patricia Mack Bryan, Bar #334463
Senate Legal Counsel

Morgan J. Frankel, Bar #342022
Deputy Senate Legal Counsel

Grant R. Vinik, Bar #459848
Assistant Senate Legal Counsel

Thomas E. Caballero
Assistant Senate Legal Counsel

642 Hart Senate Office Building
Washington, D.C. 20510-7250

(202) 224-4435 (telephone)
(202) 224-3391 (facsimile)

Attorneys for Subpoena Respondent
United States Senator John McCain

October 14, 2005