**In The United States District Court
for the District of Columbia**

| | |
|---|---|
| United States of America          } | |
| }                                    | |
| Plaintiff,                         } | |
| v.                                 } | Criminal No. 05-0358 M (DAR) |
| }                                    | Judge N. Robinson |
| Jerry Kiley                        } | |
| Defendant.                         } | |

**Opposition To Government Motion To Treat Counsel's Statements
In Motion To Dismiss As Judicial Admissions**

The government argues that Rule 801(d)(2)(D) and case law support its motion to allow it to introduce counsel's "Judicial Admissions." The prosecution is correct regarding one point it makes, i.e. any such ruling is within the court's broad discretion. See United States v. Valencia, 826 F.2d 169, 172-173 (2d Cir. 1987); United v. McNeese, 901 F.2d 93 (7th Cir. 1990).

In Valencia, supra at 174, the court affirmed the trial court's allowance of statements which defense counsel made to the prosecution as judicial admissions. In its reasoning, the court stated that defense counsel (1) attributed his remarks to what his client had told him, and (2) that the trial court must be given discretion. The instant case has a different set of facts.

First, the government has witnesses who will testify that Mr. Kiley had no invitation for the dinner at which Mr. Khai was to address those in attendance. Furthermore, there is a videotape, with audio, that shows exactly what Mr. Kiley did and said - the best possible evidence.

We further note that the prosecutor has mis-read our words in the Motion to Dismiss. Counsel never said Mr. Khai was acting in his official capacity when the wine

1

was thrown and Mr. Kiley said whatever he said. Counsel stated Mr. Khai was an invited guest of this country, and he is a foreign official. Hence, there is no admission that Mr. Khai was acting in an official capacity when the incident occurred. There is a factual dispute as to that.

Counsel notes that Senator John McCain has been subpoenaed for trial and will be asked about what official acts were expected, if any, at the dinner. However, counsel for Mr. McCain (and the U.S. Senate) has informed counsel that a motion to quash said subpoena will be filed. There is a factual dispute here which Senator McCain should address with sworn testimony.

Furthermore, counsel stated in his Motion to Dismiss that (1) Mr. Kiley "appears" to "have crushed the party," and (2) "Mr. Kiley allegedly approached the area and threw a clear liquid from his hand held glass in the direction of Mr. Khai." The words "appear" and "allegedly" are certainly qualifiers and clearly insulate any words that followed from being judicial admissions.

Counsel further notes that Mr. Kiley has never sworn to the facts in the Motion to Dismiss, as was the case in <u>Fowler v. United States</u>, 239 F.2d 93 (10th Cir. 1956). In fact, he never saw the motion and never told counsel what counsel alleged therein. Counsel compared words based on government reports, discovery, the video tape, and possible appearance therefrom.

There are no judicial admissions which should be admitted.

Simply put, this court acts as trier of facts. It will hear independent witnesses testify as to who Mr. Khai is, why he was here, what the dinner's purpose was, and why Mr. Khai was there. The court will watch the videotape and see and hear what is there.

The defense will demonstrate that Mr. Kiley has long past of protests, all in good faith, all with reliance on a legal basis to believe what he was doing was legal and proper, that he has met with Mr. Khai's predecessor before and made similar remarks, and that he met with Mr. Khai some (10-12) years ago and made similar remarks and not been arrested. Mr. Kiley has always acted in concert with others, relied on advice that his actions are appropriate.

        Respectfully submitted,

        _____
        Kenneth M. Robinson
        Bar # 51706
        The Robinson Law Firm
        717 D Street, NW, 4th Floor
        Washington, DC 20004
        (202) 347-6100
        (202) 347-0081 fax

## **CERTIFICATE OF SERVICE**

I, Kenneth M. Robinson, certify that a copy of this motion was faxed on this 14th day of October, 2005, to Bruce Hegyi, AUSA, at fax # (202) 307-6089.

        Respectfully submitted,

        _____
        Kenneth M. Robinson
        Bar # 51706
        The Robinson Law Firm
        717 D Street, NW, 4th Floor
        Washington, DC 20004
        (202) 347-6100
        (202) 347-0081 fax

**In The United States District Court**
**For the District of Columbia**

| | |
|---|---|
| UNITED STATES OF AMERICA }<br>}<br>    Plaintiff,              }<br>        v.                       }<br>                                 }<br>JERRY KILEY              }<br>    Defendant.            } | Criminal No. 05-0358 M (DAR)<br>Judge N. Robinson |

## ORDER

This matter having come before the count by a Motion to Allow Certain Defense Motion Statements to Be Admitted as Judicial Admissions, the Court having considered the arguments, said Motion is <u>DENIED</u>.

**DONE & ORDERED** this day of _____ October, 2005.

_____
Judge, Superior Court of D.C.

5