**In The United States District Court**
**For the District of Columbia**
**Criminal Division**

| | |
|---|---|
| United States of America }| |
| } | |
| Plaintiff, } | |
| v. } | Criminal No. 05-0358 M (DAR) |
| } | Trail Date: October 18, 2005 |
| Jerry Kiley } | |
| Defendant. } | |

**Opposition To McCain Motion To**
**Quash Subpoena To Appear & Testify**

The defendant Kiley respectfully opposes the motion to quash the subpoena served on John McCain, United States Senator.

Initially, Counsel notes that Senator McCain was served on October 12, 2005 because the defense tried from September 8, 2005 to locate and serve the senator away from his protected turf on Capital Hill. Only after repeated failures to serve Senator McCain at his residence and elsewhere did counsel authorize the process server to call the offices of Senator McCain and seek his voluntary acceptance of service. The senator did accept said service and is therefore properly served.

The issue before the court is whether Senator McCain can be compelled to testify. Ms. Bryan, Senate Legal Counsel, argues that the subpoena is unenforceable because (1) it is unreasonable and oppressive, and (2) it is unduly burdensome to require the Senator to absent himself from legislative proceedings to testify.

We first note that McCain's counsel did not discuss the details of what he (McCain) will be asked. Undersigned counsel told Senate Counsel that the Senator was not only present but that the wine allegedly thrown by Mr. Kiley stuck him, he (McCain) became angry and insisted that Kiley be brought back (charged), that McCain could

1

explain much more for the trier of facts than Kiley's purported words and actions. Senate counsel wanted the full proffer of expected testimony so Senator McCain could be "properly prepared to testify." Hence, it was clear that if the Senator could be "properly prepared" he might testify. Only when undersigned refused to give such a preparatory courtesy did it became apparent that senate counsel attempted to demonstrate that undersigned had no right to require his attendance.

The simple fact is that there was a valid reason for Mr. Kiley or any other person to protest McCain's support of the present Vietnamese government and its continued oppression of human rights, lack of cooperation and candor regarding left behind (be they now living or dead) America prisoners of war and/or soldiers missing in action? (The return of their remains). Likewise, Mr. Kiley and others had the right to express themselves (if they did) to a group of attendees at a dinner by stating that the guest speaker for the private event is a "sham …is killing people and that [McCain] is a Traitor."

Senator McCain has unique information that the other 600 guests did not have at the time. McCain was the most involved of any American there. He is a United States Senator much aware of Mr. Khai and why he was there. Mr. McCain knows that Mr. Khai was the guest at the dinner of private sector business people, and the Chamber of Commerce, not the United States government at the time of the "crime." Hence, he further supports the defense factual dispute that Mr. Khai was not "interfered with in the performance of his official duties." McCain knows exactly what the dinner was about, who was there, why; he introduced Mr. Khai, he was a target of some of the remarks Mr. Kiley purportedly made.

McCain knows from prior meetings, prior protests who Kiley and the organization Kiley has supported are. He knows that he, McCain, is considered to be a "traitor" to the American servicemen who were left behind and the former South Vietnamese people whom our soldiers fought for so many years ago. Mr. McCain knows the purpose of the dinner was private sector business men trying to make money and that Mr. Khai was no different there than a politician at a fund raiser banquet while seeking re-election. He was not conducting official business for Vietnam. Hence, no lesser officer or witness can testify with specific details on Mr. McCain can provide, these facts Helderman v. Pennburst State School (Hospital), 559 F. Supp. 153, 157 (EW. Pa. 1982).

We further note that if Senator McCain chooses to hide behind the so-called "Congress is in Session" protection then the case should be continued till it is not in session to a time when this court who is familiar with the case can preside and try the case. His right to be on call to attend a hearing, to vote is not superior to Mr. Kiley's right to request his attendance at trial.

If a politician chooses to attend functions for private sector businessmen and is a material witness then he must testify about what he knows, not make same lame claim that his presence as a United States Senator is more important than an accused right to adequately prove his innocence. Simply put the defense has presented exceptional circumstances which demonstrate that his duties (McCain) are not greater than Kiley's rights to defend himself assured by the United States Constitution. Hence, regardless of In re United States (Kessler), 985 F. 2d at 512 (citing United States v. Morgan, 313 U.S. 409), Mr. McCain's attendance should be mandated, not "discouraged." Others persons cannot testify as to conversations, which Mr. McCain had with others, including Mr.

Khai. We have met our burden for "exceptional circumstances" as discussed in <u>United States (Kessler), supra</u> at 513.

Simply put, this is a specific intent crime as to whether Mr. Kiley acted willfully or relied on advice on counsel that his actions were legal, something he had done before and not been arrested for versus if a deliberate, knowing, willfully intended act meant to interfere with or threaten a foreign official in the "<u>performances</u> of his official duties."

Finally, we note that the subpoena is certainly not burdensome; Mr. McCain will be many places this week, lunches, dinners, visits away from the hill. If he intends to be on the Senate floor conducting hearings Tuesday, Wednesday, and Thursday this week then let him submit on affidavit that clearly states that. Otherwise, he can be on (2) hours call and called for (30) minutes to testify about material evidence, facts that are elements which the government must prove beyond a reasonable doubt. Mr. McCain had no problem in the past absenting himself from Congressional business when he sought the nomination as President of The United States or when he frequently has late breakfast meetings, long lunches and travels while in session. We should attend the trial and testify. He is not above the law, nor can he, nor should he, be permitted to hide behind the Congress "in session" excuse.

We further note that there is no Congressional privilege here. No one seeks testimony about any of that. We want what he knows about Mr. Khai's attendance and the relationship of all that to the visible reactions of the videotape of Mr. McCain's anger when wine hit him.

4

WHEREFORE, it is respectfully submitted that the Motion to Quash should be demand.

                Respectfully Submitted,

                _____
                Kenneth M. Robinson
                Bar # 51706
                The Robinson Law Firm
                717 D Street, N.W Fourth Floor
                Washington, Dc-20004
                Phone # (202)347-6100
                Fax # (202) 347-0081

**Certificate of Service**

I, Kenneth M. Robinson, certify service by facsimile this 17th day of October, 2005 on the following:

Bruce Hegyi, AUSA
555 4th Street, NW
Washington, DC-20530
By facsimile: (202)307-6059

_____
Kenneth M. Robinson
Bar # 51706
The Robinson Law Firm
717 D Street, N.W Fourth Floor
Washington, Dc-20004
Phone # (202)347-6100
Fax # (202) 347-0081