UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>GERARD W. KILEY, )<br>)<br>*Defendant*, )<br>)<br>UNITED STATES SENATOR JOHN MCCAIN, )<br>)<br>*Subpoena Respondent*. )<br>) | Crim. No. 05-0358M (DAR)<br><br>Trial Date:  October 18, 2005 |

**REPLY IN SUPPORT OF MOTION OF SUBPOENA RESPONDENT UNITED STATES
SENATOR JOHN MCCAIN TO QUASH**

Subpoena Respondent United States Senator John McCain respectfully replies in support of his motion to quash the trial subpoena issued to him.  In pleadings filed in opposition to the Senator's motion, defendant makes clear that he seeks to compel Senator McCain to divulge the contents of communications with the Prime Minister of Vietnam and others concerning the official business conducted by the Prime Minister and other senior Vietnamese officials during their visit to the United States.  *See* Opp. to Gov. Mot. to Treat Counsel's Statements in Mot. to Dismiss as Judicial Admissions, at 2 ("Senator John McCain has been subpoenaed for trial and will be asked about what official acts were expected, if any, at the dinner."); Opp. to McCain Mot. to Quash Subpoena, at 3-4 ("Other persons cannot testify as to conversations, which Senator McCain had with others, including Mr. Khai.").

Contrary to defendant's understanding, his demand for testimony from Senator McCain is absolutely barred by the Speech or Debate Clause of the Constitution.  Apart from Speech or

Debate immunity, defense counsel has made no showing that the testimony he seeks is 1) unavailable from other sources; 2) relevant and necessary to his defense, or 3) being sought on a day when the Senate is not in session. For these reasons, Senator McCain's trial subpoena should be quashed.

I.     **The Speech or Debate Clause Affords Senator McCain an Absolute Immunity Against the Compelled Production of Testimony Concerning All Matters Within the Legislative Sphere.**

The Speech or Debate Clause of the Constitution provides that "for any Speech or Debate in either House, they [the Senators and Representatives] shall not be questioned in any other place." U.S. Const. art. I, § 6, cl. 1. Speech or Debate protection applies to all activities within the "legislative sphere." *Gravel v. United States*, 408 U.S. 606, 625 (1972). The "legislative sphere" includes all activities that are an "integral part of the deliberative and communicative processes by which Members participate in committee and House proceedings with respect to . . . matters which the Constitution places within the jurisdiction of either House." *Eastland v. United States Servicemen's Fund*, 421 U.S. 491, 504 (1975).

Because "the guarantees of th[e Speech or Debate] Clause are vitally important to our system of government," *Helstoski v. Meanor*, 442 U.S. 500, 506 (1979), the Supreme Court has "[w]ithout exception . . . read the Speech or Debate Clause broadly to effectuate its purposes." *Eastland,* 421 U.S. at 501. The courts have broadly construed the concept of "legislative activity" to include much more than words spoken in debate. *Gravel*, 408 U.S. at 617 (cases "have plainly not taken a literalistic approach in applying the privilege"). In particular, they have construed the protections of the Clause to include all manners of formal and informal information gathering by which Members educate themselves concerning matters within the jurisdiction of

the Congress.[1]  "[O]nce it is determined that [legislators] are acting within the 'legitimate legislative sphere' the Speech or Debate Clause is an absolute bar to interference." *Eastland*, 421 U.S. at 503.

      The testimony that defendant now seeks is absolutely barred by the Speech or Debate Clause.  The official visit by His Excellency Phan Van Khai was the first visit by the Prime Minister of Vietnam to the United States since the end of the Vietnam war over 30 years ago.  *See* Jim VandeHei, *Bush Vows Increased Ties with Vietnam,* Wash. Post, June 22, 2005, at A1; Ellen Nakashima, *Vietnam, U.S. to Improve Intelligence, Military Ties,* Wash. Post, June 17, 2005, at A1; http://www.us-asean.org/vietnam.asp.  It also marked the tenth anniversary of the normalization of relations between the United States and Vietnam.  *Id.*  Among much else, the Prime Minister's visit to the United States included many public and private discussions between 30 senior members of the Vietnamese government and officials in the Executive and Legislative Branches of the United States Government concerning the political and business relations between the two nations.  *Id.*  Such discussions included expanding trade between the nations, gaining Vietnam's admission to the World Trade Organization, curtailing money laundering, interdicting illegal drugs, reducing piracy of intellectual property, and containing nuclear proliferation.  *Id.*

---

[1]     *See, e.g.*, *Government of the Virgin Islands v. Lee*, 775 F.2d 514, 521 (3rd Cir. 1985) (fact-finding by individual legislator protected); *McSurely v. McClellan*, 553 F.2d 1277, 1287 (D.C. Cir. 1976) (en banc) ("The acquisition of knowledge through informal sources is a necessary concomitant of legislative conduct and thus should be within the ambit of the [Speech or Debate] privilege so that congressmen are able to discharge their constitutional duties properly.").

The day of the banquet at issue, for example, Prime Minister Khai met with President Bush at the White House to discuss the future of U.S./Vietnamese relations. *See* http://www.us-asean.org/vietnam.asp. Also that day, Vu Khoan, Deputy Prime Minister of Vietnam, and United Senator Max Baucus delivered keynote remarks at a business forum entitled "Trade & Investment: Bilateral U.S.-Vietnam Economic Relations Ten Years After Normalization." *Id.* The banquet at issue was attended by more than 600 guests, including United States government officials, representatives of public policy organizations, and the media. *Id.* Deputy Secretary of State Robert Zoellick delivered welcoming remarks, and Senator McCain gave introductory remarks of the Prime Minister. *Id.*

In light of the aforementioned, the Speech or Debate Clause affords Senator McCain an absolute immunity against being compelled to testify concerning any information he gathered in anticipation of the event at issue, during the course of it, or after it – including from conversations with the Prime Minister and other public and private members of both delegations – concerning the official matters under discussion between the delegations for the two nations. The Speech or Debate Clause "means what it says" in stating that Senators may not be "Questioned" in a "Place" other than the Senate, about such matters. *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 529-30 (9th Cir. 1983). While the Clause would not prevent the defendant from questioning other, non-legislative individuals concerning such matters, it plainly prohibits the defendant from compelling Senator McCain to testify about them. *See Minpeco, S.A. v. Conticommodity Services, Inc.*, 844 F.2d 856, 858 (D.C. Cir. 1988) (quashing on Speech or Debate grounds subpoena seeking "all correspondence and communications" between individual and congressional subcommittee); *Miller*, 709 F.2d at 529-30 (quashing on Speech or

4

Debate grounds subpoenas for testimony of former Congressman concerning information provided by "[c]onstituents . . . to document their views when urging [former Congressman] to initiate or support some legislative action").

**II.     The Subpoena Should Be Quashed Because It Seeks to Compel Testimony From a High Governmental Official Without Any Exceptional Circumstances**

Even if the testimony defendant seeks were not protected by legislative immunity, defendant has not satisfied the extraordinary showing required to obtain such testimony from a high governmental official. Defendant provides no substantiation whatsoever for the bald claim that "McCain was the most involved of any American there." Opp. at 2. Dozens of individuals, public and private, were involved in the planning and preparation of this official visit, and defendant has not demonstrated that the evidence he seeks is unavailable from those sources. *See In re United States*, 197 F.3d at 313-14 ("If other persons can provide the information sought, discovery will not be permitted against such [a high government] official."). In fact, one of the most important organizers of the event, Virginia Foote, Executive Vice President of the US-ASEAN Business Council and President of the U.S./Vietnam Trade Council, is scheduled to testify at this trial.

Nor has defendant demonstrated that testimony concerning such official business is "relevant or necessary" to his defense. *Id.* To the extent that the performance of "official acts" by the Prime Minister has any relevance to the charge against the defendant, the subjective beliefs of other officials concerning what "official acts" they "expected" would occur are immaterial. Rather, evidence of what official acts *in fact* occurred at the Prime Minister's

5

address would be relevant, and that evidence may be obtained from the videotape of the event and any of the other hundreds of individuals who witnessed it.

Because defendant has not satisfied that the testimony he seeks is relevant, necessary, and unavailable from other sources, he has not demonstrated that extraordinary circumstances justify his subpoena to a high government official for testimony in this case. Moreover, as forth in our initial Memorandum, the subpoena is unduly burdensome because it calls for Senator McCain to absent himself from the Senate on days when it is in session, without leave from the Senate to do so, as required by the Senate's rules.

## CONCLUSION

For the foregoing reasons, the trial subpoena to Senator McCain should be quashed because it seeks to compel the production of testimony protected by the Speech or Debate Clause; the defendant has not satisfied the showing required in order to obtain testimony from a

high ranking government official; and it would be unduly burdensome to require Senator McCain to absent himself from Senate proceedings in order to testify.

          Respectfully submitted,

          */s/ Patricia Mack Bryan*
          Patricia Mack Bryan, Bar #334463
          Senate Legal Counsel

          Morgan J. Frankel, Bar #342022
          Deputy Senate Legal Counsel

          Grant R. Vinik, Bar #459848
          Assistant Senate Legal Counsel

          Thomas E. Caballero
          Assistant Senate Legal Counsel

          642 Hart Senate Office Building
          Washington, D.C. 20510-7250

          (202) 224-4435 (telephone)
          (202) 224-3391 (facsimile)

          Attorneys for Subpoena Respondent
          United States Senator John McCain

October 17, 2005