**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No. 05-0358M (DAR)** |
| | : | |
| **GERARD W. KILEY,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MEMORANDUM OF LAW
REGARDING THE "ADVICE OF COUNSEL" DEFENSE**

_____In compliance with the Court's direction on October 19, 2005, during the trial of this

case, the United States of America files this, its Memorandum of Law Regarding The "Advice of

Counsel" Defense.

*Pertinent Background*

From in or about July of 2005, this matter was scheduled to begin trial on Tuesday,

October 18, 2005.  During the defendant's Opening Statement on October 18, 2005,[1] defendant's

counsel stated that, when the defendant committed the acts at issue on June 21, 2005,  the

---

[1] On October 19, 2005, defendant's counsel indicated he had faxed on Friday, October 14, 2005, a copy of defendant's Opposition to the Government's previously-filed Memorandum Regarding Judicial Admissions and that in defendant's Opposition defendant alluded for the first time an intention to inject into this trial prior advice of counsel to the defendant.  As explained on October 19, 2005, on Friday, October 14, 2005, a major reorganization of many of the Sections of the Criminal Division of the United States Attorney's Office were underway involving the moving of scores of Assistants' Offices.  In the course of this move, this Assistant's Office was packed (beginning on October 13) and moved (beginning on October 14) from the 11th Floor of the United States Attorney's Office to the 4th Floor.  As a result, this Assistant was not able to access his computer on October 14 and was no longer serviced by the fax machine on the 11th floor.  The Government respectfully disagrees with the Court's observation on October 19, 2005 to the effect that the Government was somehow remiss for not filing a motion in limine on this "issue" prior to trial.   On the morning of October 19, 2005, the Government raised this issue and referred the Court to two citations in support of its position and indicated to the Court it had in court additional citations, as well.

defendant was acting upon advice of counsel, rendered to the defendant by an attorney more than

a decade before.   As best the Government understands defendant Kiley's argument, it is

essentially that Mr. Kiley was told a dozen years before by an attorney (who was not *his* attorney)

that if Mr. Kiley snuck into a private and closed event in New York City and approached the

Deputy Prime Minister for the Socialist Republic of Vietnam at that event and handed the

Vietnamese Official a POW-MIA flag and spoke to the Official -- but did not hit or strike the

Vietnamese Official -- that Mr. Kiley would not be arrested.  According to counsel's argument,

defendant Kiley's actions some dozen years thereafter, allegedly in reliance upon such advice,

serves to blunt the element of "willfulness" under 18 U.S.C. § 112(b) and it negates the

defendant's "intent," when he committed the acts at issue in this case.[2]

For the reasons set forth below, defendant Kiley claim is both legally and factually

without merit.

## DEFENDANT KILEY IS BOTH LEGALLY AND FACTUALLY PRECLUDED FROM ASSERTING THE "ADVICE OF COUNSEL" DEFENSE

In these United States, it is generally held that "ignorance of the law is no excuse" for

criminal conduct.   *See, e.g.*, United States v. Barker, 546 F.2d 940, 946-47  (D.C. Cir. 1976).

With certain narrow exceptions,[3] not applicable here, courts have generally rejected the "advice

---

[2]    Because, as shown *infra,*  the "Advice of Counsel" Defense seeks to remove a defendant's culpability for otherwise criminal conduct *because* it seeks to negate the *mens rea* element (*i.e.,* willfulness and/or intent), defendant Kiley's claim that he is not seeking to invoke the Advice of Counsel Defense is a curious contradiction.

[3]   As discussed *infra*, Courts have recognized the possible application of this defense in certain "specific intent" crimes. *See, e.g.*, United States v. Lugo, 131 Fed. Appx. 901, 905 (4th Cir. 2005) (rejecting defendant's claim to the defense in fraudulent bankruptcy case, but observing that in appropriate circumstances reliance on poor legal advice may negate the inference of fraudulent intent in completing bankruptcy forms; however, to avail himself of this

of counsel" defense.   Indeed, having surveyed decisions in the Second, Tenth, Eighth, and Ninth

Circuits, as well as its own, the Seventh Circuit has recently observed "[t]here is no such thing as

an 'advice of counsel' defense."   United States v. Urfer, 287 F.3d 663, 665 (7th Cir. 2002).

### The "Advice of Counsel" Defense Is Not Available To Defendant Kiley
### As a Matter of Law

Because the evidence introduced at trial demonstrates beyond cavil that defendant Kiley's

actions were deliberate -- and not the result of accident, inadvertence, or mistake – as shown

below, defendant Kiley's alleged ignorance of the law is immaterial and therefore, as a matter of

law, the "advice of counsel" defense is not available to him.

In United States v. Urfer, 287 F.3d 663 (7th Cir. 2002), two defendants (Bonnie L. Urfer

and Michael R. Sprong) were convicted of "willfully" injuring government property in violation

of 18 U.S.C. § 1361, 1362, when they sawed down three wooden poles that were part of the

United States Navy's 28-mile long antenna for its ELF (extremely low frequency) system in

Wisconsin that broadcasts to submerged submarines that armed with intercontinental ballistic

missiles fitted with nuclear warheads.   Id. at 664.  At trial, the defendants sought to avoid

criminal culpability under the statute by claiming their actions were undertaken in conformity

with the advice of a Michigan attorney (Anabel Dwyer) that they were authorized to destroy the

ELF system because it violated international law.  Id.   Affirming the defendants' convictions, the

Seventh Circuit observed:

> [I]f a criminal statute requires proof that the defendant knew he was violating the

_____

defense, the defendant "must demonstrate that he made full disclosure of all pertinent facts to
counsel and relied on counsel's advice in good faith."); Cheek v. United States, 498 U.S. 192,
203-04 (the _reasonableness_ of the _attorney's advice_ may be relevant in "the cognate" are of
criminal prosecutions of tax protesters.)

statute in order to be criminally liable for the violation, and it is unclear whether the statute forbade his conduct, the fact that he was acting on the advice of counsel is relevant because it bears on whether he knew that he was violating the statute....

                         *           *           *           *

We do not see how such an argument can operate as a defense in a case involving the [willful] destruction of property. It is true the statute punishes only "willful" damage to government property. As has often been remarked, the meaning of "willful" various with the context. [Citations omitted.] In the case of criminal laws that codify a society's basic moral prohibitions, which is to say prohibitions of things that are bad in themselves ("mala in se"), *a finding of willfulness requires proof only that the defendant acted deliberately, not that he knew his act was illegal – that is assumed.* [Citations omitted.] *In such cases,* as Judge Learned Hand explained in *American Surety Co. v. Sullivan,* 7 F.2d 605, 606 (2d Cir. 1925), *"the word 'willful,' even in criminal statutes, means no more than that the person charged with the duty knows what he is doing. It does not mean that, in addition, he must suppose that he is breaking the law."*

287 F.3d at 665-66 (emphasis provided).[4]  In arriving at its holding, the Court poignantly cautioned:

There are almost a million lawyers in the United States. Not all of them are competent; not all are honest. If unreasonable advice of counsel could automatically excuse criminal behavior, criminals would have a straight and sure path to immunity.

Id. at 665.

Similarly, in United States v. Barker, 546 F.2d 940 (D.C. Cir. 1976), two members of the "special investigations" unit of the White House sought reversal of their convictions for conspiring to violate the civil rights of Dr. Lewis J. Fielding, arising out of their burglarizing Dr. Fielding's offices in search of the records of one of Dr. Fieldings' patient, Daniel Ellsberg. Id. at

---

[4]  Moreover, finding that the trial court erred in permitting *any* advice of counsel instruction to have been presented to the jury, the Seventh Circuit held that the defendants' argument that their trespass and destruction of government property were privileged by law  were questions for the judge, and not the jury, to decide. Id. at 665.

-4-

941.  On appeal, the defendants complained of the trial court's refusal to allow them a defense

based upon their good faith, reliance on E. Howard Hunt's apparent authority to authorize their

actions.  Id. at 946.   In rejecting the defendant's claim of error, the District of Columbia Circuit

held:

> It is a fundamental tenant of criminal law that an honest mistake of fact negative
> criminal intent, when a defendant's acts would be lawful if the facts were as he
> supposed them to be.  *A mistake of law, on the other hand, generally will not*
> *excuse the commission of the offense.  A defendant's error as to his authority to*
> *engage in a particular activity, if based upon a mistaken view of legal*
> *requirements (or ignorance thereof) is a mistake of law.  **Typically, the fact that***
> ***he relied upon the erroneous advice of another is not an exculpatory***
> ***circumstance.  He is still deemed to have acted with the culpable state of mind.***

Id. at 946-47 (emphasis provided).

Likewise, in United States v. Ragsdale, ___ F.3d ___, 2005 WL 2364816 (5th Cir. Sept.

27, 2005), the Fifth Circuit rejected the advice of counsel defense under the facts presented there.

In *Ragsdale*, defendant Garry Ragsdale entered the internet pornography business under the

tutelage of Thomas Gartman from whom Ragsdale received the (obscene) tapes made the basis of

the his convictions for two counts of mailing obscene materials and of aiding and abetting in the

violations of 18 U.S.C. §§ 1461 and 1462.  Id. at *10.  At trial, Ragsdale sought to introduce

evidence that Gartman told Ragsdale that Lawrence Brown, a former federal prosecutor, assured

Gartman that the tapes were highly unlikely to be found obscene by a court and would be

protected by the First Amendment.  Id.  Affirming defendant Ragsdale's convictions, the Fifth

Circuit held:

> The advice of counsel defense is only applicable where it may negate willful
> violation of the law.  [Citation omitted]  Section 1461 does not require that the
> defendant have knowledge of the legal status of the materials, defendant need only
> know the character and nature of the materials. [Citation omitted.]  * * * * "The

-5-

statutes here in question do not condition guilt upon knowledge that a federal law has been violated. It is sufficient that the appellants intended to do all of the acts prohibited by the statute and proceeded to do them." United States v. Thaggard, 477 F.2d 626, 632 (5th Cir. 1973). ***In other words, it is sufficient that the defendant mailed the materials, with the intent to mail them, and knew the content of the materials without necessarily knowing that the materials would be considered obscene. [Citation omitted.] Because § 1461 does not require an intent to violate the law, Garry [Ragsdale] could not assert as a defense that he relied on advice from counsel that the materials were not illegal.***

Id. (Emphasis provided.)

Because, as established in *Urfer*, *Barker*, and *Ragsdale*, above, defendant Kiley's

culpability cannot be mitigated by his alleged ignorance of the law and/or his alleged (misplaced)

reliance on the advice of another, the "advice of counsel" defense is not available to him.

**In Any Event, Defendant Kiley Has Failed to Make The Predicate Factual Showing
and The Defense Is Unavailable To Him For That Reason, As Well**

In United States v. Lugo, 131 Fed. Appx. 901 (4th Cir. May 13, 2005), defendant Joel

Katz sought a reversal of his conviction for filing a fraudulent bankruptcy petition. On appeal,

defendant Katz argued the district court improperly denied him a jury instruction regarding his

reliance on the advice of counsel when he completed his bankruptcy petition. Id. at 905.

Affirming Katz's convictions, the Fourth Circuit held:

Although demonstrating reliance on poor legal advice *may* negate the inference of fraudulent intent in completing a bankruptcy petition, [citation omitted], that defense is not absolute. ***A defendant must demonstrate that he made full disclosure of all pertinent facts to counsel and relied on counsel's advice in good faith.*** *See* United States v. Butler, 211 F.3d 826, 833 (4th Cir. 2000). We agree with the district court that Katz failed to present an adequate foundation....

Id. at 905 (emphasis provided).

Therefore, even if such a defense could theoretically apply to defendant Kiley's actions,

which it cannot, it would be inapposite under the facts adduced at trial, in any event. This is so,

-6-

because defendant Kiley did not satisfy either of the necessary prongs: (1) defendant must show
that he made full disclosure of all pertinent facts to counsel; and (2) defendant relied on counsel's
advice in good faith.  *See* <u>United States v. Lugo</u>, 131 Fed.Appx. At 905.   because defendant
Kiley and/or his fellow protester, attorney Burch, admitted at trial that (a) defendant Kiley did not
seek from Burch personal legal advice; (b) Burch never gave defendant Kiley personal legal
advice; (c) the instructions given to Kiley by Burch were over 12 years old by the time of the
June 21, 2005 event at issue here; (d) Burch is not a practicing criminal attorney (rather he
specializes in Government Contracts law); (e) at the time Burch gave defendant Kiley
instructions (more than a dozen years ago), Burch never researched and was not familiar with 18
U.S.C. § 112 – the statute defendant Kiley is charged with violating; (f) defendant Kiley had no
communications with Burch prior to Kiley's actions at the Mayflower Hotel concerning
defendant Kiley's intended actions at the Mayflower on June 21, 2005; and (g) specifically,
defendant Kiley had not communications with Burch at that – or any other time – as to the
legality or illegality of approaching a foreign official and throwing wine and/or other liquids in
the direction fo the foreign official and/or of shouting at the foreign official that the foreign
official killed his own people (nor any words to that effect.)

<u>CONCLUSION</u>

WHEREFORE, for each of the independent reasons set forth above, the Government
submits that, as a matter of law and as a matter of fact, the "advice of counsel" defense is
unavailable to defendant Kiley in these proceedings.

Respectfully submitted,

KENNETH L. WEINSTEIN
United States Attorney
D.C. Bar No. 451058


By: _____
BRUCE R. HEGYI
Assistant United States Attorney
D.C. Bar No. 422741
Federal Major Crimes Section
555 Fourth Street, N.W., Room 4848
Washington, D.C.  20530
(202) 305-9637
(202) 353-9414 (fax)
www.bruce.hegyi@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing GOVERNMENT'S MEMORANDUM OF LAW REGARDING THE "ADVICE OF COUNSEL" DEFENSE was served this 19th day of October, 2005 by fax on defendant's counsel of record:

> KENNETH M. ROBINSON, ESQUIRE
> 717 D STREET, N.W.
> FOURTH FLOOR
> WASHINGTON, D.C.  20004
> (202) 347-0081 (fax)

- and -

The undersigned will attempt to deliver a copy of the above and foregoing document to the chambers of Magistrate Judge Robinson on the night of October 19, 2005, as well.

_____
Bruce R. Hegyi