**In The United States District Court**
**for the District of Columbia**

| | | |
|---|---|---|
| United States of America | } | |
| | } | |
| Plaintiff, | } | |
| v. | } | Criminal No. 05-0358 M (DAR) |
| | } | Judge N. Robinson |
| Jerry Kiley | } | |
| Defendant. | } | |

**OPPOSITION/REPLY TO GOVERNMENT MOTION TO STRIKE TESTIMONY REGARDING LAWYER'S ADVICE AND POLICE INSTRUCTIONS TO CROWD ON ISSUEOF INTENT AND OTHER ELEMENTS OF CHARGE AND MOTION OFR JUDGMENT OF ACQUITTAL**

At 8 a.m. on Tuesday, October 20, 2005, counsel received the government's Memorandum of Law regarding the "advice of counsel" defense. We submit that the government misses the point of the court's instruction to address the willfulness issue and whether the defendant's state of mind is relevant. Clearly, the charge is a specific intent crime and the state of mind is relevant. Furthermore, the police officer's statement to Mr. Kiley and others than he could approach and say anything but not touch Mr. Khai constitutes a relevant entrapment by estoppel defense.

**ARGUMENT**

The element of willfully is charged here, not "knowing". Clearly, to knowingly violate a law, without willfulness is a general intent crime. See, e.g. Rogers v. United States, 522 U.S. 252, 258 (1998); Jacobson v. United States, 503 U.S. 540, 547-48 (1992). A willfulness element, as is the case here, in the criminal statute requires proof of specific intent. Cheek v. United States, 498 U.S. 192 (1991). There, the court noted that the "proliferation of statutes and regulations has sometimes made it difficult for the average citizen to comprehend the extent of the duties and obligations imposed by the

laws" <u>supra</u> at 199-200.  If the statute defines the crime as "willfully" attempted then the

fact finder must interpret the defendant's state of mind in order to find a willful element

proven beyond a reasonable doubt.

In <u>Liparota v. United States</u>, 471 U.S. 419, 433 (N-16) (1985), the Supreme Court

has noted that the standard specific intent is too general and misleading.  Hence, the

mental state required for the charged crime must be interpreted.  State of mind is thus

relevant.  Mr. Kiley's state of mind was in large measure reliant on what the police

officer had just told him he could do and what an attorney/protest chairman had indicated

previously and what he had done in similar situations before without being arrested.  To

hold otherwise would mean state of mind is not relevant and be contrary to Supreme

Court law.  It could be considered as unconstitutional.  See  <u>United States v. Arambasich</u>,

597 F 2d. 609, 611-613 (7th Cir. 1979).  We also note that Kiley is corroborating what he

said he did, i.e., throw wine at the empty chair, not at or on Mr. Khai.

The Supreme Court has defined "willful" to mean a "voluntary, intentional

violation of a known, legal duty."  <u>United States v. Pomponio</u>, 429 U.S. 10, 12 (1976).

To act "intentionally" to violate the law is more than the simple act of tossing some wine

because <u>Pomponio</u> holds the willful act "must intentionally violate a known legal duty."

In Mr. Kiley's mind, he was following the officer's instructions as to what he and others

could do and not be charged.  He had done other such acts before and not been arrested.

Confirming this, Kiley testified that when he was escorted out of the ballroom, a female

secret service agent said, "let him go…..he did nothing wrong."  None of these facts are

rebutted.

We further note that if a government official tells a defendant that certain conduct is legal and the defendant commits what would (or could be) otherwise a crime in reasonable reliance on the official's representation, the doctrine of entrapment by estoppel applies. United States v. Ortega-Uvalde, 179 F3d. 956, 959 (5th Cir. 1999), cert. denied, 120 S. Ct. 433 (1999). The Third and First Circuits have applied variances on what is required to assert the entrapment by estoppel defense. The First Circuit held that a defendant must establish: (1) a government official (here a police man at the protest) told Kiley (as occurred) that the act was legal (which he did, ".......you can approach and yell anything....but do not touch him); (2) he (Kiley) relied on that advice (which he did); (3) the reliance was reasonable (which it was because none of the other protestors who crossed the street, approached and yelled similar words at Khai were arrested); and (4) that given the reliance the prosecution would be unfair. United States v. Ellis, 168 F. 3d 558, 560 (1st Cir. 1999). The Third Circuit has held that to assert the defense, the defendant must establish by a "preponderance of the evidence" that: (1) a government official; (2) told him that certain conduct was legal; (3) that the defendant actually relied on the statements; and (4) the defendant's reliance was in good faith and reasonable in light of the government official, the point of law represented, and the substance of the official's statements. United States v. Stewart, 185 F3d 112, 124 (3d Cir. 1999); cert denied 120 S. Ct. 618 (1999).

Here, the officer's statement was made to Defendant. United States v. Eaton, 179 F3d. 1328, 1332 (11th Cir. 1999).

Simply put, Mr. Kiley is a patriotic American who has been proved to be a man of honesty, peace and good order, a man who has conducted similar protests with a lawyer's

advice, in a similar way on many occasions previous, always peaceful, always with words, not threats, not touchings, not aggression, none of which resulted in his arrests except when he pre-arranged arrests for handcuffing himself to the White House fence. Such evidence provides overwhelming proof that Mr. Kiley reasonably did what he did with justifiable reliance on the policeman's words of instruction.  Hence, wine was thrown on an empty chair as a symbolic act, words were spoken for a "media event" which Mr. Khai did not understand, did not react to in a fearful way and made a joke immediately and laughed as Kiley was taken away.  Willful is specific intent.  No threat, no intimidation, no harassment, no obstruction, no interference had occurred as Khai had yet to begin to speak.  The government fails in every way to prove all of these necessary elements to 18 U.S.C. Sec. 112 (b), the attempted act provision now charged.

For the reasons argued above, the Court should deny the governments Motion to Strike and not consider the referenced evidence and grant a Motion for Judgment of Acquittal.

Respectfully submitted,

_____
Kenneth M. Robinson
Bar # 51706
The Robinson Law Firm
717 D Street, NW, 4th Floor
Washington, DC 20004
(202) 347-6100
(202) 347-0081 fax

## CERTIFICATE OF SERVICE

I, Kenneth M. Robinson, certify that a copy of this motion was hand-delivered on this 20th day of October, 2005, to Bruce Hegyi, AUSA.

Respectfully submitted,

_____
Kenneth M. Robinson
Bar # 51706
The Robinson Law Firm
717 D Street, NW, 4th Floor
Washington, DC 20004
(202) 347-6100
(202) 347-0081 fax