United States v. Kiley                                                                                          1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITES STATES OF AMERICA,

    Plaintiff,

      v.

GERARD KILEY
   Defendant.

Criminal Action No. 05-0358M
DAR

## MEMORANDUM OPINION AND ORDER

Defendant's Motion to Dismiss (Docket No. 7) is pending for determination by the

undersigned.  Upon consideration of the motion, the memoranda in support thereof and in

opposition thereto and the entire record herein, Defendant's motion will be denied.

## I. BACKGROUND

Defendant is charged by information with **Attempted Intimidation of a Foreign Official**

in violation of 18 U.S.C. § 112(b)(2) (Count II).  Information (Docket No. 5).[*]  In the criminal

complaint by which this action was initiated, the government alleges that Defendant "threw a

colored liquid in the direction of Prime Minister Khai . . .[and] shouted at Prime Minister Khai

words to the effect of, "You are a sham," and "You kill your own people.""  Affidavit in Support

of Criminal Complaint ("Complaint") (Docket No. 1).   18 U.S.C. § 112(b)(1) and (b)(2) provide,

in pertinent part:

_____

[*] A bench trial commenced on October 18, 2005.  The undersigned granted Defendant's motion for
judgment of acquittal with respect to Count I at the close of the government's case.

    (b) Whoever willfully–

        (1) intimidates, coerces, threatens, or harasses a foreign official or an official guest or obstructs a foreign official in the performance  of his duties; or

        (2) attempts to intimidate, coerce, threaten, or harass a foreign official or an official guest or obstruct a foreign official in the performance  of his duties . . .

  shall be fined under this title or imprisoned not more than six months, or both.

18 U.S.C. § 112 (2005).

## II.  CONTENTIONS OF THE PARTIES

Defendant moves to dismiss all charges against him "on the grounds that the Information, counts One and Two, is unconstitutional as [it] relates to the defendant here as well as pursuant to his freedom of speech protections afforded the accused."  Motion to Dismiss at 1.  Defendant does not move pursuant to any Federal Rule of Criminal Procedure, and instead, relies on the series of published opinions  he cites in his motion.  Defendant argues that his actions and words on the date of the alleged offense are protected under the First Amendment as a form of public demonstration.  Motion to Dismiss at 6.  Defendant cites Lovell v. Griffin, 303 U.S. 444, 450 (1938), as authority for his position.  More specifically, he asserts that the courts have held that peaceful demonstrations are permitted under 18 U.S.C. § 112, and that in no way could his words be perceived as "fighting words," which the courts have held are not protected under the First Amendment.

The government offers two arguments in opposition to Defendant's motion.  First, it contends that Defendant's motion is an impermissible attempt to test the adequacy of the government's evidence prior to trial.  Government's Opposition to Motion to Dismiss ("Government's Opposition") (Docket No. 8).  Second, it argues that 18 U.S.C. § 112 repeatedly

United States v. Kiley                                                                                    3

has been upheld as constitutional.  Counsel for the government principally relies upon <u>CISPES v.</u>

<u>Federal Bureau of Investigation</u>, 770 F.2d 468 (5th Cir. 1985), as authority for this position.  <u>Id.</u> at

11-13.

Defendant filed a reply to the government's opposition in which he principally argued

that both words and actions are permissible under §112(b)(1) and (2), and that his words and

actions were not those that the statute intended to prohibit.  Defendant's Reply to Government's

Opposition ("Defendant's Reply") (Docket No. 9).

## III.  DISCUSSION

Defendant's constitutional challenge to 18 U.S.C. § 112 is premised upon the contention

that the First Amendment protects a citizen's right to express one's feelings through "peaceful,

nonviolent" conduct and words.  The allegation that Defendant entered an invitation-only

reception, tossed the contents of a glass of wine, and uttered the words  "You are a sham . . . you

kill your own people," is uncontroverted in the motion.  However, the instant motion presents the

question of whether the charges pursuant to 18 U.S.C. § 112  violate Defendant's constitutional

right to protected speech and conduct.

18 U.S.C. § 112 has been challenged on First Amendment grounds, and in each instance,

the court looked to the language of the statute and the legislative history to glean an understanding

of Congress' intent with regard to tailoring the statute to protect not only foreign officials but the

First Amendment rights of citizens.  The statute indicates that Congress *did not* want the statute to

restrict the First Amendment rights of United States citizens.  Indeed, section (d) of the statute

states that "[n]othing contained in this section shall be construed or applied as to abridge the

exercise of rights guaranteed under the *First Amendment to the Constitution of the United States*."

United States v. Kiley                                                                      4

18 U.S.C. § 112(d).  Section (d) cannot substantively operate to save and invalid statute, since it is

a mere restatement of well-settled constitutional principles, but, it is a valuable indication of

Congress' concern for the preservation of first amendment rights.  See CISPES v. Federal Bureau

of Investigation, 770 F.2d 468, 475 (5th Cir. 1985).

        In its initial construction, the statute not only contained a prohibition on willful acts or

attempts to "intimidate, coerce, threaten, or harass . . . or obstruct a foreign official," but also

reached anyone who "parades, pickets, displays any flag, banner, sign, placard, or device, or utters

any word, phrase, sound, or noise, for the purpose of intimidating, coercing, threatening, or

harassing any foreign official or obstructing him from the performance of his duties."  Boos v.

Barry, 485 U.S. 312, 326 (1988) (citing Act for Protection of Foreign Official Guests of the

United States, Pub. L. 92-539, Title III, § 301(c)(1), 86 Stat. 1070, 1073 (1972)).  The legislative

history shows that Congress was concerned with the effects that such a provision might have on

First Amendment freedoms, and that section (d) was adopted to address the concern.  Id.

Moreover, Congress remained concerned about First Amendment freedoms, and in 1976, revisited

the area and repealed the antipicketing provision, leaving in place only the current prohibition on

willful acts or attempts to intimidate coerce, threaten, or harass a foreign official.  Id.

        Defendant alleges that his conduct and words should be protected by the First

Amendment.  However, the minimal case law challenging 18 U.S.C. § 112 refutes Defendant's

assertion that his conduct should be protected.  In CISPES, the defendants were protestors who

sought to picket in front of the Honduran consulate in New Orleans.  The protestors' major

objection to the statute was that while it is an attempt to protect foreign officials, it simultaneously

prohibits constitutionally protected activities such as picketing and demonstrating.  CISPES, 770

United States v. Kiley                                                                                          5

F.2d at 473.  Similarly, in Concerned Jewish Youth v. McGuire, 469 F. Supp 1296 (S.D.N.Y.

1979), plaintiffs, protestors, sought a preliminary injunction permitting them to picket on a street

in which the Soviet Mission to the United Nations was located.  The City of New York would not

allow anyone a permit to picket on the block in which the Soviet Mission was located and

threatened to arrest any protestors who violated the directive with a violation of 18 U.S.C. § 112,

thus plaintiffs sought a preliminary injunction.

       In both CISPES and Concerned Jewish Youth, the courts held that 18 U.S.C. § 112 does

not impermissibly infringe on citizens rights to protest in public areas.  The court in CISPES

wrote that "[s]imply put, the statute does not on its face prohibit peaceful demonstrations,

protests, and other communicative and expressive activities of a peaceful nature, which do not

otherwise violate the statute, *even when directed at foreign officials protected under the statute*."

CISPES, 770 F.2d at 475 (emphasis added).  In a more succinct statement of the same conclusion,

the court in Concerned Jewish Youth held "[p]icketing near the Mission should not be prohibited

per se." Concerned Jewish Youth, 469 F. Supp at 1300.  Both cases are examples of decisions

upholding the rights of citizens to express themselves in "places that have traditionally been

associated with the public exchange of views . . . the public streets are one such public forum."

Hague v. C.I.O., 307 U.S. 496, 515 (1939).

       The facts of the instant action are clearly distinguishable from the latter cases.  Here,

Defendant was not attempting to picket in a public place, and is charged based upon alleged words

and actions at a private function in a hotel.  The undersigned finds no merit in Defendant's

argument that the statute impermissibly regulates the content of speech.  It is well-settled that

"regulations which permit the government to discriminate on the basis of the content of the

United States v. Kiley                                                                                          6

message cannot be tolerated under the First Amendment." Reagan v. Time, 468 U.S. 641 (1983).

18 U.S.C. § 112 does not permit the government to discriminate on the basis of the content of

expression.  To the extent that the statute applies at all to protected conduct, such application is

not a restriction on any particular message, as Defendant suggests.  CISPES, 770 F.2d at 475.

Defendant argues in his reply that his words and conduct did not "in any way constitute

the words and/or actions that §112(b) [were] intended to prohibit."  Whether that is correct is a

decision to be determined through trial.  However, it is clear, that the charges against Defendant

are not in violation of his first amendment right to freedom of expression.  Congress has narrowly

drafted the statute to be content-neutral and specifically incorporated a provision declaring that the

statute should not be construed to limit the First Amendment protections of citizens.  Furthermore,

a number of courts have previously held that 18 U.S.C. §112 does not infringe on the rights of

individuals to peacefully demonstrate and express themselves.  For the foregoing reasons, the

undersigned finds that 18 U.S.C. §112 does not infringe upon Defendant's constitutional rights.

## V.  CONCLUSION

Upon consideration of the Defendant's Motion to Dismiss, the memoranda in support

thereof and in opposition thereto and the entire record herein, the undersigned finds, for the

reasons set forth herein, that Defendant  has not shown that the charges against him

unconstitutionally infringe on his First Amendment right to freedom of expression.  Defendant's

Motion to Dismiss therefore is **DENIED**.

November 3, 2005                                              _____/s/_____
                                                                      DEBORAH A. ROBINSON
                                                                      United States Magistrate Judge

United States v. Kiley                                                                7